Ashley C. Grimes
Of Counsel for
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
Firm Phone: (212)796-6053
Attorney Phone: (602) 828-4096
State Bar No.: 031013
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ashley,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>I.Q. Data International, Inc.,<br><br>　　　　Defendant | CASE NUMBER WILL BE ASSIGNED AT THE TIME OF FILING<br><br><br>VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL |

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

3.  Plaintiff is a natural person and a resident of the State of Arizona, Maricopa County.

4.  At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant I.Q. Data International, Inc. ("I.Q. Data") is a Washington corporation conducting business from offices located at 1010 SE Everett Mall Way #100 Everett, Washington 98208.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## COMPLAINT

### (FACTS)

8. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein

9. In or around December 2013, Defendant commenced collection activities in an attempt to collect an alleged debt (referred to hereinafter as the "Alleged Debt") from Plaintiff originating from a disputed apartment fee.

10. Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

11. In or around December 2013, Plaintiff agreed to a payment plan with Defendant, payable from Plaintiff's debit account.

12. In or around January 2014, Plaintiff placed a telephone call to Defendant and informed it that her debit card had been lost.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 2

13. Plaintiff requested that her payments be temporarily postponed until she received a new debit card.

14. Plaintiff further informed Defendant that she would be receiving a new debit card within a reasonable time whereupon Plaintiff would supply Defendant with her updated banking information.

15. In response, Defendant's representative, "Randy," called Plaintiff a "liar."

16. Furthermore, Randy refused to transfer Plaintiff to his supervisor and subsequently terminated the telephone call.

17. During January 2014, Defendant continued to call Plaintiff and further threatened Plaintiff with a civil suit and also threatened to have Plaintiff's husband's wages garnished.

18. Defendant often made abusive remarks towards Plaintiff and hung up on Plaintiff at the termination of aforementioned harassing conversations.

19. On or about January 19, 2014, and continuing throughout the latter part of January, Defendant placed multiple telephone calls to Plaintiff's neighbor inquiring into Plaintiff's whereabouts.

20. In said telephone calls Defendant disclosed that Plaintiff owes a debt.

21. Moreover, throughout the earlier part of 2014, Defendant placed multiple harassing telephone calls to Plaintiff's husband, "Jake," at his place of employment.

22. Said telephone calls eventually resulted in Jake's termination from his employment.

23. Shortly thereafter, Plaintiff placed a telephone call to Defendant to inform it of Jake's termination from his place of employment of which Defendant responded by hanging up on Plaintiff. Plaintiff's husband was put into a position where he was required to contact his employer (whom had terminated Jake due to Defendant's harassing phone calls at Jakes' place of

employment) in an effort to get his job back, explaining to his employer the circumstances surrounding the harassing phone calls. Plaintiff's husband eventually was allowed to return to work after clarity of the situation; the result of which caused Plaintiff and Plaintiff's husband much embarrassment, financial hardship, and emotional distress.

24. Upon information and belief, to date, no lawsuit has been filed against Plaintiff with respect to the Alleged Debt.

25. Upon information and belief, to date, Plaintiff has not received any written communication from Defendant.

26. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**(FIRST CAUSE OF ACTION)**
(Violations of 15 U.S.C §1692g(a))

27. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication.

29. Upon information and belief, to date, Defendant has not sent such a notice to Plaintiff.

30. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**(SECOND CAUSE OF ACTION)**
(Violations of 15 U.S.C §1692e(5))

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's conduct violated 15 U.S.C. §1692e(5), in that Defendant threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit.

33. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### (THIRD CAUSE OF ACTION)
### (Violation of 15 U.S.C. §1692c(a)(3))

34. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's conduct violated §1692d in that Defendant used conduct, the natural consequences of which were to harass, oppress, and abuse Plaintiff.

36. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### (FOURTH CAUSE OF ACTION)
### (Violation of 15 U.S.C. §1692b(2))

37. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's conduct violated 15 U.S.C. §1692b(2) by failing to limit the subject of its conversation with Plaintiff's neighbor to Plaintiff's location information.

39. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND

### (DEMAND FOR TRIAL BY JURY)

40. Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

### (PRAYER FOR RELIEF)

**WHEREFORE,** Plaintiff Jessica Ashley demands judgment against the Defendant I.Q. Data International, Inc. awarding damages in the amount of $4,850 pursuant to 15 U.S.C. Sec. 1692k(a)(1)-(3) as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED this 6th day of May, 2014.

By: /s _____

Attorney for Plaintiff
Of Counsel for
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
Telephone (212) 796-6053
Fax (212) 951-7379
Email: info@fschulmanlaw.com

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - 7